IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE ROLANDO MERO-ANCHUNDIA,

                Petitioner,

v.

WARDEN EMMERICH,

                Respondent.

OPINION and ORDER

24-cv-697-jdp

---

Petitioner Jose Rolando Mero-Anchundia, proceeding without counsel, seeks emergency relief under 28 U.S.C. § 2241. Dkt. 1 and Dkt. 2. Mero-Anchundia contends that Bureau of Prison officials have denied him time credit under the First Step Act (FSA) that, if applied, would result in his release to supervised release starting November 23, 2024.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition because Mero-Anchundia has not exhausted his administrative remedies.

I begin with some background. In the Southern District of Florida, Ferreras was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. *United States v. Mero-Anchundia*, 17-cr-60008 (S.D. Fla.), Dkt. 27. Mero-Anchundia was sentenced to 120 months' imprisonment and was ordered to surrender to immigration authorities for removal proceedings after completing his prison term. *Id.* at 2, 4.

In his petition Mero-Anchundia contends that BOP officials have denied him 365 days of FSA time credit based on a mistaken determination that he's subject to a final order of removal. Mero-Anchundia acknowledges that he's subject to a detainer by U.S. Immigration Customs and Enforcement (ICE). *Id.* at 5; *see also* Dkt. 2-1 at 2; Dkt. 2-2; Dkt. 2-3 at 1; Dkt. 2-4 at 1. Mero-Anchundia contends that the BOP's decision to deny him 365 days of FSA time credit toward supervised release is erroneous because deportable aliens are ineligible to have earned time credits applied to their sentences only if they're subject to a final order of removal. *See* Dkt. 2 at 3, 6–7 (citing 18 U.S.C. § 3632(d)(4)(E)).

Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); 28 C.F.R. §§ 542.14(a), 542.15(a). The issue that Mero-Anchundia raises requires a detailed analysis of his eligibility for time credits, which the BOP is charged with calculating.

Mero-Anchundia contends that the BOP has a policy of denying time credits to prisoners subject to ICE detainers, including those not subject to a final order of deportation. But that policy was rescinded in February of 2023. *See De Lima v. Warden, FCI Ft. Dix NJ*, No. 24-cv-6925, 2024 WL 3580665, at *1 (D.N.J. July 26, 2024) (citing BOP Program Statement 5410.01, subject to Change Notice 5410.01 CN1). Mero-Anchundia must exhaust the remedies available to him within the BOP before turning to the court for relief.

ORDER

IT IS ORDERED that:

1. Petitioner Jose Rolando Mero-Anchundia's petition, Dkt. 1, is DISMISSED.

2. Petitioner's motion to expedite, Dkt. 2, is DENIED as moot.

3. The clerk is directed to enter judgment and close the case.

Entered November 15, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge